# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT AARON LINDRUM, | 3:16-cv-00230-LRH-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act. (ECF No. 28; Supporting Declarations at ECF Nos. 28-1, 28-2; billing records at ECF No. 28-3.) The Commissioner filed a response (ECF No. 29), and Plaintiff filed a reply (ECF No. 30).

After a thorough review, it is recommended that Plaintiff's motion be granted.

## I. BACKGROUND

On April 28, 2016, Plaintiff, who was represented by counsel, paid the $400 filing fee and filed his complaint for review of the decision of the Commissioner finding him not disabled under 42 U.S.C. § 405(g). (ECF No. 1.) Plaintiff subsequently filed a motion for reversal or remand of the Commissioner's decision finding him not disabled. (ECF No. 9.) Plaintiff made the following arguments: (1) the ALJ failed to provide clear and convincing reasons for finding Plaintiff's testimony only partially credible; (2) the ALJ erroneously disregarded the opinions Plaintiff's treating orthopedist, Dr. Bakshian, in favor of the State disability non-examining physician; (3) the ALJ failed to reconcile

the conflict between the jobs the vocational expert (VE) testified Plaintiff could do that were classified by the Dictionary of Occupational Titles (DOT) at the light exertional level, and the residual functional capacity (RFC) limitation to stand for two hours; and (4) the ALJ should have considered Medical Vocational Rule 201.14 to find Plaintiff disabled. The Commissioner opposed the motion (ECF No. 17), and filed a cross-motion to affirm the agency's decision (ECF No. 19).

The undersigned issued a report and recommendation that Plaintiff's motion be granted in part, and that the Commissioner's motion be denied. (ECF No. 22.) First, the court rejected Plaintiff's argument that the ALJ erred in assessing Plaintiff's credibility, finding that the ALJ set forth clear and convincing reasons for partially discrediting Plaintiff. Second, the court also rejected Plaintiff's argument that the ALJ erred in rejecting Dr. Bakshian's opinion limiting Plaintiff to less than six hours of sitting in an eight-hour day, finding that the ALJ did set forth specific and legitimate reasons for rejecting the opinion Plaintiff could sit for less than six hours. Third, while the court found the ALJ set forth specific and legitimate reasons for not adopting Dr. Bakshian's opinion concerning how long Plaintiff could sit in a work day, the court concluded that the ALJ erred in failing to acknowledge or discuss Dr. Bakshian's statements regarding the need to alternate between sitting and standing, and whether standard breaks would be sufficient to accommodate this limitation. Fourth, the undersigned determined that there was an apparent conflict between the VE's testimony Plaintiff could perform jobs classified by the DOT at the light exertional level, when the ALJ limited Plaintiff to walking and standing for only two hours in an eight-hour day. The ALJ erred in failing to recognize the conflict and elicit a reasonable explanation from the VE before finding Plaintiff could in fact perform those jobs. Finally, the court determined that Medical Vocational Rule 201.14 did not direct a finding of disability. The undersigned recommended remand on the issue of whether Plaintiff could perform jobs identified by the VE at the light exertional level when the ALJ limited Plaintiff to standing and walking for two hours in a workday.

The Commissioner filed an objection (ECF No. 23), and Plaintiff filed a response (ECF No. 24). District Judge Larry R. Hicks adopted and accepted the report and recommendation, and remanded the matter for further development consistent with the report and recommendation. (ECF No. 26.) Judgment was entered on February 15, 2017. (ECF No. 27.)

2

Plaintiff subsequently filed the motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Plaintiff seeks an award of fees in the amount of $4,489.44, for 23.3 hours of work done at the rate of $192.68, plus $400 in costs for the filing fee.

The Commissioner opposes the motion on grounds that the government's position was substantially justified, and further argues that the amount of fees requested is unreasonable.

## II. LEGAL STANDARD

Under the EAJA:

> [A] court shall award to a prevailing party other than the United States fees and other expenses …, incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States …, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also Pierce v. Underwood,* 487 U.S. 552, 566 n. 2 (1988); *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). "[F]ees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). Under the EAJA, attorney's fees are set at the market rate, but capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has set the applicable statutory maximum hourly rate under the EAJA, adjusted for increases in the cost of living as $192.68 in 2016, and this is the rate utilized by Plaintiff's counsel. *See https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039,* last visited February 5, 2018. The Commissioner did not assert an objection to utilizing this rate.

## III. DISCUSSION

**1. Prevailing Party**

The Commissioner does not dispute that Plaintiff is the prevailing party, but argues that fees should not be awarded because the government's position was substantially justified.

The court agrees Plaintiff is the prevailing party. "[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether he later succeeds in obtaining the requested benefits." *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (citing *Shalala v. Schaefer,* 509 U.S. 292 (1993)). Plaintiff obtained a sentence

four remand; therefore, he is the prevailing party.

**2. Substantially Justified**

The substantial justification test under the EAJA is one of reasonableness, i.e., whether the government's position had a reasonable basis in law and fact. *Pierce*, 487 U.S. at 564-66. This means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce,* 487 U.S. at 565; *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005) (citation and quotation marks omitted). The "position of the United States" includes both the government's litigation position and the underlying agency action giving rise to the civil action. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citing *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010)). In the Social Security context, courts have treated the ALJ's decision as the underlying agency action. *Meier*, 727 F.3d at 870-71 (9th Cir. 2013).

The Ninth Circuit has held that there is "significant similarity" between the "substantial evidence" standard of review applied to Social Security cases and "substantial justification" standard, such that "'holding that the agency's decision … was unsupported by substantial evidence is … a strong indication that the position of the United States … was not substantially justified." *Id*. 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). "[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (citation and quotation marks omitted). If the ALJ's underlying decision is not substantially justified, the court need not address whether the government's litigation position was justified. *Meier*, 727 F.3d at 872-73.

Here, the Commissioner argues that Plaintiff should not be awarded fees and costs because the government's position was substantially justified. (ECF No. 29 at 3-5.)

First, the Commissioner argues that the ALJ properly rejected Dr. Bakshian's opinions. (ECF No. 29 at 3-4.)

The court agrees that the government was substantially justified with respect to its position concerning the ALJ's decision to partially discredit Plaintiff, and in rejecting the opinion of Dr. Bakshian.

  Second, the Commissioner contends that the government was substantially justified in its position regarding the requirements of an ALJ at step five in resolving VE testimony that conflicts with the DOT. (ECF No. 29 at 4-5.) The Commissioner argues that where a claimant is represented by counsel the ALJ's duty to resolve an apparent conflict was fulfilled when the ALJ asked the VE to identify any conflict, and then no conflict was identified by the VE or raised by Plaintiff's counsel.

  As was explained in the report and recommendation, the court disagrees. At step five, the ALJ considers the claimant's age, education, work experience and RFC to determine if the claimant can perform other work. The RFC is what the claimant can still do despite limitations. *See Zavalin v. Colvin,* 778 F.3d 842, 845 (9th Cir. 2015) (citation omitted). The ALJ can rely on VE testimony in making this determination. *Zavalin*, 778 F.3d at 846 (citation omitted). The VE and ALJ rely on the DOT, "a resource complied by the Department of Labor that details the specific requirements for different occupations," which guides the analysis in this regard. *Zavalin*, 778 F.3d at 845 (citation omitted). "[T]he [DOT] refers to 'occupations,' not specific jobs[,]" and "'occupation' is a broad term that includes 'the collective description' of 'numerous jobs' and lists 'maximum requirements' of the jobs as 'generally performed.'" *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (citing Social Security Ruling (SSR) 00-4P, 2000 WL 1898704, at *2-3).

  "When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin*, 778 F.3d at 846; *see also Gutierrez*, 844 F.3d at 807. "The ALJ must ask the expert to explain the conflict and 'then determine whether the vocational expert's explanation for the conflict is reasonable' before relying on the expert's testimony to reach a disability determination." *Zavalin,* 778 F.3d at 846 (citations omitted); *see also Gutierrez*, 844 F.3d at 807 (citing SSR 00-4P, 2000 WL 1898704, at * 2 (2000)) ("If the [VE's] opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the [VE] to reconcile the conflict before relying on the [VE] to decide if the claimant is disabled"). "The ALJ's failure to resolve an apparent inconsistency may leave … a gap in the record that precludes [the court] from determining whether the ALJ's decision is supported by substantial evidence." *Zavalin,* 778 F.3d at 846 (citing *Massachi*, 486

F.3d at 1154).

"Occupational evidence provided by a VE … generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE … evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE … evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4P. "Neither the DOT nor the VE … evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE … is reasonable and provides a basis for relying on the VE … testimony rather than on the DOT information." *Id*.

SSR 00-4P provides examples of reasonable explanations for conflicts:

> Evidence from [VEs] can include information not listed in the DOT. The DOT contains information about most, but not all, occupations. The DOT's occupational definitions are the result of comprehensive studies of how similar jobs are performed in different workplaces. The term "occupation," as used in the DOT, refers to the collective description of those jobs. Each occupation represents numerous jobs. Information about a particular job's requirements or about occupations not listed in the DOT may be available in other reliable publications, information obtained directly from employers, or from a [VE's] experience in job placement or career counseling.
> The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. *A [VE] or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT*.

SSR 00-4P, at * 2-3 (emphasis added).

It goes on to state that ALJs "may not rely on evidence provided by a VE … if that evidence is based on underlying assumptions or definitions that are inconsistent with our regulatory policies or definitions." SSR 00-4P. By way of example, SSA cites the classification of jobs as sedentary, light, medium, heavy and very heavy, stating that those terms have the same meaning as they have in the exertional classifications noted in the DOT. "Although there may be a reason for classifying the exertional demands of an occupation (as generally performed) differently than the DOT (e.g., based on other reliable occupational information), the regulatory definitions of exertional levels are controlling." *Id*. "For example, if all available evidence (including VE testimony) establishes that the exertional demands of an occupation meet the regulatory definition of 'medium' work (20 C.F.R. 404.1567 and

6

1   416.967), the adjudicator may not rely on VE testimony that the occupation is 'light work.'" *Id*.

2   As SSR 00-4P points out, the DOT and regulations speak in terms of *maximum* work capability as generally performed, and not the range of requirements of a particular job as performed in specific settings. An ALJ may rely on a VE to provide more specific information about jobs or occupations than the DOT. SSR 00-4P; *Massachi*, 486 F.3d at 1152-53; *Bayliss*, 427 F.3d at 1218.

6   Light work is defined in the regulations as requiring, *inter alia*, "a good deal of walking or standing, or … sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b), 416.967(b). "To be considered capable of performing a full range of light work, [the claimant] must have the ability to do substantially all of these activities." *Id.* SSR 83-10 expands on this definition by stating that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251 (Jan. 1, 1983).

13   Here, Plaintiff was limited to walking and standing for only 2 hours in an eight-hour day, but the VE testified he could perform jobs at the light exertional level. Neither the ALJ nor the VE discussed a conflict between the assigned RFC limiting Plaintiff to walk or stand 2 hours with the DOT classification of light work. Nor did the VE provide an explanation as to how Plaintiff could perform the jobs classified as light work.  While a job classified at the light exertional level might allow for someone to perform them in a seated position, or to alternate between sitting and standing to accommodate such a limitation, the ALJ did not explore this possibility with the VE.

20   In some instances, the DOT descriptions themselves will ameliorate a perceived conflict between VE testimony and the DOT. In other words, the DOT description of how the job is performed could lead one to believe that it did not require more than the claimant's limitation, which might have served as an argument that the government's position was substantially justified. That is not the case here.

24   The job description for a bench assembler, DOT 706.684-022, is not clear as to how much standing or walking is required, but in the strength guide it states that the physical demand requirements are in excess of those for sedentary work. Sedentary work, incidentally, allows for occasional walking or standing, which means up to one-third of the time, meaning that "periods of standing or walking should generally total no more than about 2 hours of an eight-hour workday[.]" SSR 83-10; *see also* 20

C.F.R. § 404.1567(a), § 416.967(a). Therefore, it appears that the bench assembler job, if performed based on the DOT description, would require more than Plaintiff's abilities.

The DOT job description for the mail clerk position, DOT 209.687-026, is similarly vague about the standing/walking requirements, but again, the strength guide states that the physical demand requirements are in excessive of those for sedentary work. As such, it appears this job, if performed as described by the DOT, would be in excess of Plaintiff's RFC.

Finally, the marking clerk position (DOT 209.587-034) again states that the physical demand requirements are in excessive of those for sedentary work. Without VE testimony explaining how the job could be performed by Plaintiff, a conclusion that a claimant limited to walking or standing for two hours could perform this job is at odds with the DOT.

In sum, the court finds the government was not substantially justified in its position relative to the ALJ's adoption of the VE testimony that Plaintiff could perform the jobs classified by the DOT as light work because the ALJ failed to acknowledge and reconcile the apparent conflict.

In *Flores*, the Ninth Circuit stated: "As the prevailing party, [the claimant] is entitled to attorney's fees unless the Secretary shows that her position *with respect to the issue on which the court based its remand* was 'substantially justified.'" *Flores,* 49 F.3d at 569 (emphasis added); *accord Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2002). Here, the remand was based on the step five error of the ALJ in failing to recognize and reconcile an apparent conflict between the VE's testimony and the DOT. The court has concluded the government was not substantially justified with respect to its position on this issue. Therefore, Plaintiff is entitled to an award of attorney's fees.

**2. Amount of Fees**

An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

The Commissioner argues that the fees sought are unreasonable. The Commissioner points to the fact that twelve hours were spent researching and drafting a routine motion to remand, and that an hour was spent reviewing, drafting and serving a standard form complaint. The Commissioner also takes issue with an hour spent reviewing emails, stipulations and notices of association of counsel, which the Commissioner contends are "unnecessary to the merits of the case."

First, the court finds that the overall number of hours spent on this case to be reasonable. Counsel spent 23.3 hours on this case, at the rate of $192.68. That does not, on its face, strike the court as excessive. In fact, in another case before this court, *Hardisty v. Berryhill,* 3:15-cv-00265-LRH-WGC, the Commissioner acknowledged that 39.2 hours spent on a Social Security case was generally reasonable (though the Commissioner argued that some of the particular billing entries were unreasonable). (*See* ECF No. 25 at 9 in 3:15-cv-00265-LRH-WGC.) The court does not find any particular billing entry to be unreasonable in this case.

Under the EAJA, a judgment for costs, as set forth in 28 U.S.C. § 1920, "may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1). There is no question the cost of the $400 filing fee was reasonably incurred and that cost is recoverable under 28 U.S.C. § 1920(5); therefore, the cost should be awarded as well.

In sum, Plaintiff should be awarded $4,489.44 in fees and $400 in costs under the EAJA, for a total award of $4,889.44.

**3. May the Fees be Payable to Directly Counsel?**

The motion requests that the fees and costs awarded be paid directly to counsel. Plaintiff provides a declaration assigning his entitlement to fees and costs under the EAJA to his attorney, Joseph Dita, and asks that the award be payable to counsel. (ECF No. 28-1.) The Commissioner includes a footnote stating that any award is payable to the Plaintiff, rather than counsel, relying on *Astrue v. Ratliff*. (ECF No. 29 at 7 n. 3.)

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court held that fee awards under the EAJA are the property of the claimant, who is the prevailing party, and not the attorney. To avoid the situation where fees and costs are paid to a claimant, and then an attorney is not paid for work done on the case, many Social Security attorneys ask their clients to assign their right to collect the fees to counsel, and this appears to be proper when there is no applicable government offset. *See Ratliff*, 560 U.S. at 597 (discussing the government's practice of doing this when there was no government offset). Here, there government does not assert that it is entitled to an offset; therefore, Plaintiff's assignment of the fee award is permissible, and the award may be paid directly to counsel. *See e.g. Oberg v. Comm'r. Soc. Sec.*

*Admin.*, 6:14-cv-01839-SI, 2016 WL 1385294 (D. Or. Apr. 7, 2016) (awarding fees under EAJA to the plaintiff, and stating that if it is determined the fees are not subject to any offset, then the check should be made to counsel, based on the plaintiff's assignment of the amount to counsel).

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act. (ECF No. 28); **AWARDING** Plaintiff $4889.44 under the EAJA; and, allowing the award to be paid by the government directly to Plaintiff's counsel pursuant to Plaintiff's assignment.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: February 5, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE